UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-177-HRW

CHESTER J. HITCH,                                                    PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for  the reasons set forth herein, finds the Plaintiff's motion to be well taken .

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits, and supplemental security income benefits in July of 2002 (Tr. 221-224), alleging disability beginning on April 12, 2000, due to nerve damage in his back.  This application  was denied initially and on reconsideration.  On November 16, 2002, an administrative hearing was conducted by Administrative Law Judge William B. Lissner (hereinafter "ALJ"), wherein Plaintiff, accompanied by a non-attorney representative, testified (Tr. 29-42).  At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 42-47).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On May 26, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-22). Plaintiff was 50 years old at the time of the hearing decision (Tr. 14). He has a limited 7th- grade education (Tr. 14). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.15). The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disk disease of the lumbar spine, which he found to be "severe" within the meaning of the Regulations (Tr. 16, 20). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16). In doing so, the ALJ specifically considered listing 1.04 (Tr. 16). The ALJ

further found that Plaintiff could not return to his past relevant work (Tr. 21) but determined that he has the following residual functional capacity ("RFC"):

> [T]o lift and carry 10 pounds frequently and 20 pounds occasionally, to stand/walk 3 to 4 hours overall in an 8-hour day but no more than 1 to 2 hours at a time, and to sit 5 to 6 hours in a day up to 1 to 2 hours at a time. Based upon nonexterional impairments, he could only occasionally climb, balance, stoop, bend, crouch, kneel and crawl. He could not work at unprotected heights, around dangerous or moving machinery or in jobs requiring exposure to vibration.

(Tr. 21).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as machine tender and watch guard (Tr. 21). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 17, 2004 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).

On appeal, Plaintiff contends that the ALJ's finding of no disability is erroneous because the ALJ had an obligation to recontact Plaintiff's treating physician, Dr. Bal Bansal, to obtain additional information or clarification of his opinion.

In his decision, the ALJ pointed out the inconsistencies between Dr. Bansal's July 18, 2002 treatment notes and his August 28, 2002 assessment. In his July 18, 2002 notes, Dr. Bansal stated that although there was spasm in the lumbosacral spine and some decreased sensation, Plaintiff's straight leg raising was almost normal (TR. 311-312). Dr. Bansal further noted that medications seemed to relive Plaintiff's symptoms (Tr. 312). Yet, in his August 28, 2002 assessment, Dr. Bansal opined that Plaintiff was "totally disabled" as "he cannot walk without support," must "lie down all the time" and "can't set [*sic*] up" (Tr. 339-340). With regard to the apparent conflict, the ALJ commented, "I can only **assume** that when Dr. Bansal completed (the August 28, 2002 assessment) he asked claimant what he could and could not do and then recorded claimant's answers." (Tr. 18)(emphasis added).

Plaintiff argues that given the conflict in Dr. Bansal's records, the ALJ was

required to recontact his office. The Court agrees.

20 C.F.R. § 404.1512 provides, in pertinent part:

> (e) *Recontacting medical sources.* When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or decision.

20 C.F.R. § 404.1512(e).

The regulations further state that the first step in the effort to obtain additional determination will be to recontact the treating physician:

> We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved.

20 C.F.R. § 404.1512(e)(1).

The Court finds that the conflict between Dr. Bansal's July 18, 2002 notes and his comments just over a month later on August 28, 2002 falls within the purview of 20 C.F.R. § 404.1512(e) and, as such, the ALJ should have, pursuant to 20 C.F.R. § 404.1512(e)(1), recontacted Dr. Bansal's office to determine of any information was available which may have clarified his opinion. The ALJ's decision should not be based upon "assumptions" but upon substantial evidence of the record. Therefore, the Court finds that this case should be remanded for the purpose of complying with 20 C.F.R. § 404.1512(e).

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Commissioner's decision to

deny benefits to the Plaintiff is **REVERSED**, with this action **REMANDED** by separate Judgment entered concurrently herewith.

This June 9, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge